IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| KYLVOSKI SIMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN RUMKER, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:21-cv-32 |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1] Docs. 1, 11. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[2]

Plaintiff's claims arise out of an incident that occurred on or about September 26, 2018. Doc. 11 at 4. Plaintiff states he was leaving his friend's house when he interrupted a group of detectives, including Defendant Soles and Defendant Martinez, beginning an illegal search of the

---

[1] Plaintiff filed two separate Complaints in two cases which have since been consolidated into this one action. Doc. 10. The claims in both Complaints are addressed here and are referred to collectively as Plaintiff's "Complaint."

[2] All allegations set forth here are taken from Plaintiff's Complaint. Docs. 1, 11. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

house.  Id.  Plaintiff was arrested and forced to stay on the porch while the detectives searched the home.  Id.  Inside the home, detectives discovered drugs in a make-up bag.  Id.  After the drugs were found, Plaintiff was transported to the Coffee County Detention Center.  Id.  Plaintiff was incarcerated for 23 months until he was able to make bond in August 2020.  Id.  At the time of filing his Complaint, Plaintiff had been indicted, but he had not had any hearings on the charges.  Doc. 1 at 4.

During Plaintiff's period of incarceration, he asked his court-appointed attorneys to make speedy trial demands.  Id.  Neither attorney would do so, and Plaintiff instead filed pro se speedy trial motions.  Id.  However, Plaintiff claims he was denied his right to a speedy trial, while others who had been arrested a year after he was went to trial.  Id.

Plaintiff brings § 1983 claims for violations of his speedy trial rights against Defendants Rumker and Sansot (two assistant district attorneys), Coffee County District Attorney's Office, and Coffee County Superior Court.  Doc. 1 at 2–3.  Plaintiff also asserts § 1983 claims for violations of his Fourth Amendment right against Defendant Martinez and Soles (two detectives), as well as the Coffee County Sheriff's Office, related to the September 26, 2018 search.  Doc. 11.  Plaintiff seeks monetary damages, as well as his girlfriend's admittance to a specific rehabilitation center in Dublin, Georgia.  Doc. 1 at 8, Doc. 11 at 6.  Additionally, Plaintiff seeks to have the criminal charges against him dismissed.[3]  Doc. 11 at 6.

---

[3]    Plaintiff's claims are due to be dismissed for the reasons set forth below, but it is also apparent Plaintiff's request for dismissal of the criminal charges against him would not be a proper remedy in a § 1983 action.  Beasley v. Burns, 3:20-cv-31, 2020 WL 3811835 at *2 (S.D. Ga. July 7, 2020) ("[T]o the extent Plaintiff, as a pretrial detainee, seeks dismissal of charges and release from custody, a pre-trial petition for habeas corpus relief by a state prisoner is properly filed pursuant to 28 U.S.C. § 2241, not § 1983.") (citing Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006), and Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261–62 (11th Cir. 2004)).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

I.   **Plaintiff's Claims Against Defendants Rumker and Sansot**

Plaintiff claims Defendants Rumker and Sansot, identified as Assistant District Attorneys, violated his right to a speedy trial when they did not and have still not prosecuted his pending charges. Doc. 1 at 4. However, "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts in the scope of his prosecutorial duties." Imbler v. Pachtman,

424 U.S. 409, 420 (1976). Such immunity extends to those acts done "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).

Plaintiff alleges Defendants Rumker and Sansot purposely delayed prosecution of his pending charges. Doc. 1 at 4. Plaintiff points to his pre-trial detention which lasted 23 months as proof of this purposeful delay. Id. However, determining when to initiate and prosecute cases lies within the scope of the prosecutor's duties. See Imbler 424 U.S. at 424 ("A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court."). Because the conduct Plaintiff complains of lies within the scope of a prosecutor's duties, prosecutorial immunity prevents Plaintiff from suing Defendants Rumker and Sansot. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Rumker and Sansot.

## II. Plaintiff's Claims Against Coffee County Sheriff's Office, Coffee County Superior Court, and Coffee County District Attorney's Office

Plaintiff names Coffee County Sherriff's Office, Coffee County Superior Court, and the Coffee County District Attorney's Office in his Complaint, though he does not say what legal wrongs the offices committed against him. Doc. 1 at 3. Instead, it appears Plaintiff seeks to hold the offices, as entities, responsible for the actions of its employees.

To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986); Dean v. Barber, 951 F.2d

4

1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Stegeman v. Georgia, 290 F. App'x 320, 322–23 (11th Cir. 2008) (citing Kaimowitz v. Fla. Bar, 996 F.2d 1151 (11th Cir. 1993) (finding § 1983 claims against state courts were barred by the Eleventh Amendment)); Brooks v. Georgia, No. 1:14-cv-86, 2014 WL 2866055 at *2 (M.D. Ga. June 24, 2014) (finding the Tifton District Attorney's Office was not a suitable entity in a §1983 action).

Because the Coffee County Sheriff's Office, the Coffee County Superior Court, and the Coffee County District Attorney's Office are state agencies, none are a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582. For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Coffee County Sheriff's Office.

### III.     Plaintiff's Claims Against Defendants Martinez and Soles

Additionally, Plaintiff raises false imprisonment and false arrest claims against Defendants Martinez and Soles.[4] Doc. 11 at 3, 6. He also alleges the same Defendants violated his Fourteenth Amendment right because Defendants were "harassing" him as a result of his prior arrest record. Id. at 3. Those claims against Defendants Martinez and Soles are barred by the applicable statute of limitations. Constitutional claims brought pursuant to § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines

---

[4]     Although Plaintiff argues the search which led to his arrest was unlawful, he does not assert any claim under the Fourth Amendment challenging the search. Even if Plaintiff did assert this claim properly, it would also likely be barred by the statute of limitations. See Powell, 643 F.3d at 1303; O.C.G.A. § 9-3-33.

when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).  Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  Id.

False arrest and false imprisonment are often referred to together.  Wallace v. Kato, 549 U.S. 384, 388–89 (2007).  "A claim for false arrest without a warrant accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'"  White v. Hiers, 652 F. App'x 784, 786 (11th Cir. 2016) (quoting Wallace, 549 U.S. at 388).  Because "a false imprisonment consists of detention without legal process, a false imprisonment ends once the plaintiff becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges."  Id. (quoting Wallace, 549 U.S. at 389); accord Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008); Jones v. Union City, 450 F. App'x 807, 809 (11th Cir. 2011).

Plaintiff states he was incarcerated on September 26, 2018, and was denied bond two days later.  Doc. 11 at 4.  Under applicable law, the two-year statute of limitations began to run, at the latest, on September 28, 2018, when he was denied bond.  Additionally, though Plaintiff is not clear as to when he was harassed by Defendants for his criminal record, these Defendants apparently only interacted with Plaintiff during the period of when the illegal arrest and false imprisonment occurred.  Plaintiff would have reasonably known about the violation to his rights by September 28, 2018.  Because Plaintiff did not file his Complaint until April 19, 2021, Plaintiff's claims are untimely under Georgia's applicable statute of limitations.  Thus, absent any basis for tolling, Plaintiff's claim is barred by the statute of limitations.

Federal courts generally turn to state law to determine whether the statutes of limitations should be tolled. Wallace, 549 U.S. at 394. Here, there is no apparent basis for tolling Plaintiff's claim. See Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *6–8 (N.D. Ga. July 12, 2010) (providing a discussion on the tolling provisions available under Georgia and federal law). Georgia law provides the limitations period may be tolled in the following circumstances: (1) the party is legally incompetent, O.C.G.A. § 9-3-90; (2) the person becomes legally incompetent after the right accrues, O.C.G.A. § 9-3-91; (3) an estate becomes unrepresented, O.C.G.A. §§ 9-3-92, 9-3-93; (4) the defendant is absent from the State, O.C.G.A. § 9-3-94; (5) one party in a joint action is legally incompetent, O.C.G.A. § 9-3-95; (6) there is fraud by the defendant, O.C.G.A. 9-3-36; (7) there are counterclaims and cross claims, O.C.G.A. § 9-3-37; (8) the party is bringing a medical malpractice claim, O.C.G.A. § 9-3-97.1; (9) a tort arises from a crime, O.C.G.A. § 9-3-99; and (10) there is a non-statutory basis for equitable tolling. Bridgewater, 2010 WL 11507266, at *6 (citing State v. Private Truck Council, Inc., 371 S.Ed.2d 378, 380–81 (Ga. 1988)). A pretrial detention, such as the one Plaintiff experienced, is not included as an enumerated statutory basis for tolling. See O.C.G.A. §§ 9-3-90–9-3-99.

Additionally, there is no basis for non-statutory equitable tolling in this case under Georgia law. "Georgia's non-statutory doctrine of equitable tolling is extremely narrow," and the only discussion of non-statutory equitable tolling in the Georgia courts is in the context of a class action lawsuit, where a plaintiff would not have to worry about their individual claim being barred if their class was ultimately not certified after their claim limitations period ran. See Bridgewater, 2010 WL 11507266, at *7 (citing Hicks v. City of Savannah, No. 4:08-cv-06, 2008 WL 2677128, *2 (S.D. Ga. July 8, 2008)); Private Truck Council, 371 S.E.2d at 380–81 . Here,

Plaintiff does not show there was any reason he would have been prevented from filing this suit earlier due to anything beyond his control.

Federal equitable tolling is allowed in equally narrow circumstances: only "when a [party] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). However, Plaintiff did not face extraordinary circumstances beyond his control which were unavoidable even with diligence. A pre-trial detainee has access to the forms which allow him to file a complaint for violation of civil rights. Plaintiff was imprisoned for 23 months and could have accessed those forms at any time. Doc. 11 at 4. Additionally, Plaintiff bonded out in August 2020, a month prior to the expiration of his statute of limitations. Id. Reasonable diligence in pursuing his claim either during or after his detention could have prevented the statute of limitations from running on his claim. See Zamudio v. Haskins, 775 F. App'x 614, 616 (11th Cir. 2019) ("A plaintiff must show only 'reasonable diligence,' not 'maximum feasible diligence.'") (citing Holland v. Florida, 560 U.S. 631, 653 (2010)). Since Plaintiff did not face extraordinary circumstances beyond his control, the Court can find no basis for federal equitable tolling. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendants Martinez and Soles.

### IV.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge

failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of December, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA